UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 2:09-CR-74 |
| | ) | | JUDGE GREER |
| SAMANTHA JO ARWOOD | ) | | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and defendant Samantha Jo Arwood and the defendant's attorney, Tim S. Moore, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

   a) Count One, robbery of a controlled substance from a DEA registrant in violation of 18 U.S.C. § 2118(a). The punishment for this offense is not more than twenty-five years imprisonment, a fine of up to $250,000, up to five years of supervised release, and a $100 mandatory assessment.

   Count Three, using, carrying and brandishing a firearm in relation to Count One, a violation of 18 U.S.C. § 924(c)(1)(A). The punishment for this offense, pursuant to 18 U.S.C.§ 924(c)(1)(A)(ii), is a mandatory minimum of seven years up to a maximum of life imprisonment consecutive to any other sentence; up to five years of supervised release; a fine of up to $250,000, and a mandatory assessment fee of $100.

   b) In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining count against

1

the defendant in this indictment.

2. The parties agree that the appropriate disposition of this case would be the following as to each count:

   a) The Court may impose any lawful term of imprisonment up to the statutory maximum;

   b) The Court may impose any lawful fine up to the statutory maximum;

   c) The Court may impose any lawful term of supervised release up to the statutory maximum;

   d) The Court will impose a special assessment fee as required by law; and

   e) The Court may order forfeiture as applicable and restitution as appropriate.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is in fact guilty.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On July 3, 2009, in Greeneville in the Eastern District of Tennessee, Samantha Jo Arwood entered the Medicine Shoppe pharmacy and pointed a firearm at customers and employees. Arwood gave employees a note demanding various controlled substances including oxycodone. Pharmacy employees gave her controlled substances with a replacement value of

2

over $5,000. The Medicine Shoppe is registered with the Drug Enforcement Administration under 21 U.S.C. § 822. While the robbery was taking place, an employee called the Greeneville Police. As officers arrived at the pharmacy, an employee opened the door and was screaming "she has a gun." Lt. Tim Hartman, Greeneville Police Department, drew his gun and ordered Arwood to drop her gun. She complied on the second command and dropped her gun as well as the stolen drugs and money. Arwood was arrested.

The firearm used, carried and brandished by Arwood during the robbery was a Hi-Point, 9mm, semiautomatic pistol that was loaded and had one round in the chamber.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, the United

3

States agrees to move, at or before the time of sentencing, that the Court decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

9. The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount

immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the United States deems appropriate. Finally, the defendant and counsel agree that the defendant may be contacted regarding the collection of any fine and/or restitution without notifying counsel and outside the presence of counsel.

10. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range as determined by the district court.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

11. The defendant also expressly agrees that the defendant's photograph, image and/or criminal history can be publicly disclosed or displayed to further the education and deterrence goals of Project Safe Neighborhoods.

12. This agreement becomes effective once it is signed by the parties. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement, moves to withdraw the defendant's guilty plea, or violates any court order, or any local, state or federal law pending the resolution of this case, then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

13. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can

be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

JAMES R. DEDRICK
United States Attorney

_1-12-10_  By: _/s/ Robert Reeves_
Date          ROBERT M. REEVES
              Assistant United States Attorney

_1-12-10_      x _/s/ Samantha Arwood_
Date           SAMANTHA JO ARWOOD
               Defendant

_1-12-10_      _/s/ Tim Moore_
Date           TIM S. MOORE
               Attorney for Defendant

7