# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| UNITED STATES OF AMERICA | ) |                     |
|---|---|---|
|                          | ) |                     |
| v.                       | ) | No. 2:09-CR-74-001  |
|                          | ) | JUDGE GREER         |
| SAMANTHA JO ARWOOD       | ) |                     |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Samantha Jo Arwood, and the defendant admits that she has violated the conditions of her supervised release as specified in violation numbers #1–15 in the Petition. An agreement has been reached between the parties, recommending that Samantha Arwood's supervised release should be revoked and that she should receive a sentence of 12 months and 1 day; to be followed by three (3) years of supervised release. Additionally, the defendant agrees to the following special conditions during her period of supervised release: (1) the defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as she is released from the program by the probation officer; (2) the defendant shall obtain and complete recommended mental health treatment; (3) the defendant shall not take any prescribed narcotic drug without notifying the physician that he has a substance abuse problem and without permission from your probation officer; and (4) the defendant shall submit her person, property, house, vehicle, papers, [computers (as defined by 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] of office to a search conducted by a United States probation officer or designee.

The defendant agrees to waive her right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive her right to allocute at a revocation hearing, and asks that the

1

agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that she is giving up the following rights:

(1) The right to the assistance of counsel for her defense.

(2) The right to see and hear all the witnesses and have them cross-examined in her defense.

(3) The right on her own part not to testify unless she chose to do so in her defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on her behalf.

The defendant stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

(1) Defendant admits to each violation enumerated in the Amended Petition, filed as Document #49, as Violation Numbers #1-15; and specifically, as to the following violations:
(2) Defendant tested positive for methamphetamine on December 3, 2019 (lab test confirmed on December 9, 2019);
(3) Defendant tested positive for cocaine on December 10, 2020 (lab test confirmed on December 16, 2019) in violation of 18 U.S.C. § 1001 and T.C.A. § 39-17-437;
(4) Defendant committed the offense of simple possession, by possessing the illegal substances, in violation of 21 U.S.C. § 844;
(5) The Defendant admitted to using methamphetamine and cocaine during her supervised release in December of 2019;
(6) Defendant failed to report for a drug screen on January 6, 2020; and
(7) Defendant failed to maintain her appointments to address her mental health issues.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute fifteen (15) violations for which an advisory guideline range of 12-18 months would apply given her Criminal History Category IV. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of 60-months imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a).

Case 2:09-cr-00074-JRG-CRW   Document 66   Filed 05/25/21   Page 2 of 6   PageID #: 136

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that she committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements.

IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to **12 months and 1 day**, to be followed by three (3) years of supervised release, and to include the special conditions detailed herein.

While on supervised release, you shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. To promote respect for the law, prevent recidivism, and aid in adequate supervision, the defendant shall also comply with the following standard conditions of supervision adopted by this Court in Local Rule 83.10:

(1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of release from imprisonment or of the time the defendant was sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame. **Justification:** *This condition is an administrative requirement of supervision.*

(2) After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. **Justification:** *This condition is an administrative requirement of supervision.*

(3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the Court

3

or the probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

(4) The defendant must answer truthfully the questions asked by the defendant's probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

(5) The defendant must live in a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that the probation officer observes in plain view. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). **Justification:** *This condition will provide for public and officer safety.*

(13) The defendant must follow the instructions of the probation officer related to the conditions of supervision. **Justification:** *This condition is an administrative requirement of supervision.*

4

To promote respect for the law, prevent recidivism, and aid in adequate supervision, the defendant shall also comply with the following special conditions of supervision:

(1) The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer. **Justification:** *This condition will reduce the risk of recidivism and provide for defendant rehabilitation.*

(2) The defendant shall not take any prescribed narcotic drug without notifying the physician that he has a substance abuse problem and without permission from your probation officer. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(3) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as he is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider. **Justification:** *This condition will reduce the risk of recidivism and provide for defendant rehabilitation.*

(4) The defendant shall take all medication prescribed by the treatment program as directed. If deemed appropriate by the treatment provider or the probation officer, you shall submit to quarterly blood tests, to determine whether you are taking the medication as prescribed. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(5) The defendant shall submit his or her person, property, house, vehicle, papers, [computers (as defined by 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] of office to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

_____
**The Honorable J. Ronnie Greer**
**United States District Judge**

APPROVED FOR ENTRY:

JOHN BOWMAN
Digitally signed by JOHN BOWMAN
Date: 2021.05.24 15:05:11 -04'00'

_____
Greg Bowman,
Assistant United States Attorney

_____
Samantha Jo Arwood
Defendant

Cara D. Johns
2021.05.24 16:28:05 -04'00'

_____
United States Probation Officer

_____
H. Nikki Himebaugh,
Attorney for Defendant

6